NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN LEWIS,<br><br>Defendant. | 2:17-CR-244-APG-NJK<br><br>**Unopposed Motion for Interlocutory Sale**<br><br>**ORDER** |

The United States of America (United States) respectfully moves this Court for an Order for an Interlocutory private judicial sale of the following real property for the reasons set forth herein:

Real property known as 1035 Aviator Court, Henderson, Nevada 89002, more particularly described as:

That portion of the North half (N 1/2) of the Northwest quarter (NW 1/4) of section 32, township 22 South, range 63 East, M.D.M. and M., described as follows:

Parcel Two (2) of that certain parcel map on file in File 109 of Parcel Maps, Page 34, in the Office of the County Recorder, Clark County, Nevada, together with all improvements and appurtenances thereon, APN: 179-32-101-053

(all of which constitutes property).

**I. PROCEDURAL HISTORY**

1. On August 2, 2017, the grand jury returned a Two-Count Criminal Indictment charging Dustin Lewis (Lewis) in Count One with conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349 and in Count Two with bank fraud in violation of 18 U.S.C. § 1344. Indictment, ECF No. 1.

2. Lewis is currently scheduled to go to trial on February 10, 2020, with calendar call scheduled for February 4, 2020 (ECF No. 79).

## II. ARGUMENT

### A. Statutory Authority

When certain conditions are present, the court has authority under the following statutory provisions to order an interlocutory sale of property that is subject to criminal forfeiture prior to a final adjudication on the Government's forfeiture action.

1. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

The Supplemental Rules generally apply to civil in rem forfeitures. *See* 28 U.S.C. § 2461(b); *United States v. $506,231 in United States Currency*, 125 F.3d 442, 449 n.5 (7th Cir. 1997) ("The Supplemental Rules are applicable to civil forfeiture proceedings pursuant to 28 U.S.C. § 2461(b)").

Supplemental Rule E(9)(b) provides:

> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold – with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court – if:
> (A) the attached or arrested property is perishable, or liable to deterioration, decay or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or disproportionate; or
> (C) there is an unreasonable delay in securing release of the property.

*See United States v. One Parcel of Real Property described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389-90 (10th Cir. 1997) (motion for interlocutory sale filed under Supp. R. E(9)(b)); *United States v. Esposito*, 970 F.2d 1156, 1160 (2d Cir. 1992) (Supp. R. E(9)(b) authorized interlocutory sale).

Supplemental Rule G(7) provides:

> (a) Preserving and Preventing Criminal Use of Property. When the Government does not have the actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.

/ / /

(b) Interlocutory Sale or Delivery
  (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
    (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
    (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
    (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
    (D) the court finds other good cause.
  (ii) Who Makes the Sale. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.
  (iii) Sale Procedures. The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.
  (iv) Sale Proceeds. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.
  (v) Delivery on a Claimant's Motion. The court may order that the property be delivered to the claimant pending the conclusion of the action if the claimant shows circumstances that would permit sale under Rule G(7)(b)(i) and gives security under these rules.
(c) Disposing of Forfeited Property. Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law.

2. Customs Laws

Further authority is found in the customs statute, 19 U.S.C. § 1612(a), which provides that:

Whenever it appears to the Customs Service that any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs laws is liable to perish or to waste or to be greatly reduced in value by keeping, or that the expense of keeping the same is disproportionate to the value thereof, and such vessel, vehicle, aircraft, merchandise, or baggage is subject to section 1607 of this title, and such vessel, vehicle, aircraft, merchandise, or baggage has not been delivered under bond, the Customs Service shall proceed forthwith to advertise and sell the same at auction under regulations to be prescribed by the Secretary of the Treasury. If such vessel, vehicle, aircraft, merchandise, or baggage is not subject to section 1607 of this title, the Customs Service shall forthwith transmit its report of the seizure to the United States attorney, who shall petition the court to order an immediate sale of such vessel, vehicle, aircraft, merchandise, or baggage, and if the ends of justice require it the court shall order such immediate sale, the proceeds thereof to be deposited with the court to await the final determination of the condemnation proceedings. Whether such sale be made by the Customs Service or by order of the court, the proceeds thereof shall be held subject to claims of parties in interest to the same extent as the vessel, vehicle, aircraft, merchandise, or baggage so sold would have been subject to such claim.

/ / /

### 3. Criminal Asset Forfeiture Provisions

In addition to the explicit provisions above, Fed. R. Crim. P. 32.2(b)(7) also provides general authority for interlocutory sales. Rule 32.2(b)(7) states, "At any time before entry of a final forfeiture order, the court, in accordance with [Fed. R. Civ. P. Supp. R. G(7)], may order the interlocutory sale of property alleged to be forfeitable." (brackets added). Interlocutory sales are intended to preserve the value of property that is subject to forfeiture.

### B. Lewis Agreed to the Interlocutory Sale

Lewis agreed on October 23, 2019, through his counsel, Kendelee Works, to the interlocutory sale of the property. The United States requests the Court allow Lewis and the government to sell the property to a third party through Doug Sawyer at an arm's length transaction.

### C. The Conditions for an Interlocutory Sale Are Present

The Government believes a court-ordered interlocutory private judicial sale of the subject property, pursuant to the provisions cited above, is justified because Lewis agreed on October 23, 2019, through his counsel to sell the property and from the net sale proceeds (1) pay $220,000 to OneWest Bank, the victim of his mortgage fraud, (2) the remaining balance will be deposited with the court registry to be applied toward restitution of $704,002 to SCPPA in case number 2:17-CR-391-APG-VCF, and if any net sale proceeds are left after paying 1 and 2 above, the remainder will be paid to the Department of Justice Seized Asset Forfeiture Fund. Lewis wants this done to demonstrate his desire to make the victims whole in restitution.

## III. Judicial Sales Procedure

If a court orders an interlocutory sale of property over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. § 2001 and 2002. These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes public sales of property and sales by court-appointed receivers. Section 2001(b) permits private sales of property for

cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

By this motion, the United States is requesting authorization to proceed with a private sale of the above-listed property. Based upon the reasons set forth herein, the United States believes that a prompt sale of the property by Lewis and the United States, followed promptly by releasing the proceeds to the United States affords the best protection to all concerned. The United States believes a private sale versus a public sale will allow Lewis and the United States the discretion to sell the properties in the most commercially feasible manner.

As required by section 2001(b) notice of the Government's motion for an interlocutory private judicial sale and the hearing on the motion must be given by publication or otherwise as the court directs. The government believes, and requests, that placing the real property in a multiple listing site through a real estate agent will meet this requirement.

Pursuant to section 2001(b), three disinterested persons must appraise the properties. In order to facilitate that requirement, the United States has found the following neutral appraisal estimates as of November 6, 2019:

1. Zillow.com for $1,168,465;
2. Redfin.com for $1,132,158; and
3. Realtor.com for $1,104,700.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IV. CONCLUSION

For the reasons stated above, the United States respectfully requests that the court order the sale of the property described herein on the terms and conditions set forth above.

DATED December 3, 2019.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: December 5, 2019.